IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRIS CHOUINARD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GARY BARRIER; DR. APRIL DAWSON; DR. GARRETT; DR. McHUGH; ANDY MACHIN; BRENT REINKE; and CORRECTIONAL MEDICAL SERVICES,<br><br>Defendants. | Case No. CV 08-500-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant's Motion (Docket No. 36) to Dismiss or for Summary Judgment. The motion is fully briefed and at issue. The Court finds that oral argument will not significantly assist the decisional process, therefore the Court will consider the motion without a hearing. For the reasons set forth below, the Court will grant the motion, which renders moot Plaintiff's Motion for Extension of Time (Docket No. 44).

## BACKGROUND

Plaintiff Chris Chouinard is a prisoner in the custody of the Idaho Department of

Correction (IDOC), currently incarcerated at the South Idaho Correctional Institution (SICI). According to the complaint, Plaintiff stepped in a rut or hole on July 9, 2008, while playing basketball, and fell and dislocated his shoulder. (Complaint, Docket No. 3 at 5, 7.) Plaintiff was treated at St. Alphonsus medical hospital where the emergency room doctor prescribed follow-up treatment with an orthopedic specialist. (Id.)

Plaintiff proceeded to request Correctional Medical Services (CMS) staff to have him evaluated by a specialist as prescribed. (Complaint at 11-16.) Plaintiff submitted at least six Offender Concern Forms within 14 weeks of his injury addressing his request for evaluation by an orthopedic specialist. These Offender Concern Forms were addressed to SICI Medical, Dr. Dawson, Dr. Garrett, Warden Barrier, and IDOC Director Reinke. (Complaint at 11-13.) Plaintiff was not seen by an orthopedic specialist. Plaintiff filed a grievance form on July 31, 2008, to the grievance coordinator, Jill Whittington. Plaintiff received no response to this grievance. (Complaint at 14). On August 13, 2008, Plaintiff submitted a second grievance, directed to the Health Services Administrator for CMS, Andy Machin. Machin's responded, stating that Plaintiff had a first degree separation that did not justify surgical repair; Plaintiff disagrees with this assessment. (Complaint at 15.)

Plaintiff wrote letters to CMS Administrator Dawson, and to Rona Siegert, who he believed to be employed at CMS's corporate office. (Complaint at 18-21.) Plaintiff concedes, however, that he did not file a grievance appeal until November 28, 2008. (Response, Docket No. 39 at 5.)

**MEMORANDUM DECISION AND ORDER - 2**

ANALYSIS

In this motion, Defendants argue that Plaintiff has failed to exhaust administrative remedies, therefore the matter should be dismissed.

**1.      Standard of Law**

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA),[1] a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The *Bock* Court noted that the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id*. at 204.

Where there is an "informal[]" and "relative[ly] simpl[e]" prison grievance system, prisoners must take advantage of it before filing a civil rights complaint. *Woodford v. Ngo*, 548 U.S. at 103. In *Woodford v. Ngo*, the prisoner had filed his grievance within six

---

[1] 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e, *et seq*.

**MEMORANDUM DECISION AND ORDER - 3**

months of the incident at issue, rather than within fifteen days as required by the California Prison grievance system. *Id*. at 86-87. The Supreme Court rejected the Ninth Circuit's determination that the prisoner "had exhausted administrative remedies simply because no such remedies remained available to him." *Id*. at 87.

Failure to exhaust remedies is an affirmative defense that should be brought as an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 119 (9th Cir. 2002); *see also Jensen v. Knowles*, 621 F.Supp.2d 921 (E.D. Cal. 2008). Therefore, the Court will consider Defendants' Motion as a motion to dismiss, and not as a motion for summary judgment on the merits. In deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. Defendants bear the burden of proving failure to exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). The proper remedy, where a prisoner has failed to exhaust nonjudicial remedies, is dismissal of the claim without prejudice. *Wyatt*, 315 F.3d at 1120.

## 2.     Grievance Process of the Idaho Department of Correction (IDOC)

The IDOC's grievance process consists of three stages. (Boulay Aff., Docket No. 36-3, ¶ 4.) First, any inmate with a concern must fill out an Offender Concern Form, addressed to the staff person "most directly involved with the offender's problem." (Boulay Aff., ¶ 5.) If the issue cannot be resolved informally through the use of an Offender Concern Form, the inmate must then file a Grievance Form. (Boulay Aff., ¶ 6.) Under the current policy, the time for filing a Grievance Form is 30 days. (Boulay Aff.,

**MEMORANDUM DECISION AND ORDER - 4**

¶ 6.)

On receipt of the Grievance Form, the Grievance Coordinator logs the information into an electronic database and assigns it to staff for an initial response. (Boulay Aff., ¶ 7.) A reviewing authority prepares the "reviewing authority response" which is logged into the electronic database and provided to the inmate within 14 days. (Id.) Where medical issues are involved, the grievance is routed through medical staff, and the reviewing authority is the Health Services Administrator, who is employed by the health care contractor. (Boulay Aff., ¶ 8.)

If the inmate is not satisfied with the response to his grievance, he has five days (from receipt of the response) in which to appeal – the third step in the grievance process. (Boulay Aff., ¶ 9.) The Grievance Coordinator enters the appeal into the electronic database and forwards it to the appellate authority – which for medical grievances is the Regional Manager or Vice President of IDOC's medical contractor. (Boulay Aff., ¶ 10.) The appellate authority submits a response to the Grievance Coordinator, who then forwards it to the inmate, within 14 days. (Id.)

The grievance process is only exhausted upon completion of all three of these steps – Concern Form, Grievance Form, and Grievance Appeal. (Boulay Aff., ¶ 11.)

### 3. Plaintiff Did Not Appeal

Here, Defendant acknowledges that Plaintiff submitted a grievance form that was received August 5, 2008 and logged into the electronic database. (Exhibit D, Docket No.

**MEMORANDUM DECISION AND ORDER - 5**

36-3 at 44.) The grievance form addressed Plaintiff's medical concerns related to follow-up with orders from the St. Alphonsus hospital doctor. (Id.) The reviewing authority, Andy Machin, responded on August 13, 2008 that the injury "does not justify surgical repair," and suggested that Plaintiff "rest for 2-4 weeks" as recommended by Dr. McHugh on August 6, 2008, then "follow up . . . with a [doctor] at that point." (Id. at 45.)

Plaintiff asserts that he filed an appeal of Machin's response on November 28, 2008, addressed to Jill Whittington. (Exhibit 1, Docket No. 39-1 at 4). According to information in Defendants' records, Plaintiff's appeal was filed on December 2, 2008. (Exhibit D, Docket No. 36-3 at 45.) In either case, the parties agree that Plaintiff did not appeal the reviewing authority's response to his grievance within the 5-day time limit required by the grievance process.

The Court finds that Defendants have met their burden of proving that Plaintiff has not exhausted administrative remedies. Exceptions to exhaustion have been recognized in courts outside of the Ninth Circuit. These exceptions address circumstances where prison officials have prevented exhaustion from occurring through misconduct, or failed to respond to a grievance within the policy time limits.[2] Plaintiff does not raise either of those circumstances here. The Court finds that the facts do not support any exception or

---

[2]*See, e.g., Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir.2008); *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004); *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001); *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999); *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir.1998); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003); *Brown v. Croak*, 312 F.3d 109, 113 (3d Cir. 2002); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).

excuse for Plaintiff's failure to exhaust.

Accordingly, Defendants' Motion to Dismiss (Docket No. 36) will be granted, thus rendering moot Plaintiff's Motion (Docket No. 44) for Extension of Time.

## ORDER

IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss (Docket No. 36) is GRANTED, and the matter is hereby DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's Motion for Extension of Time (Docket No. 44) is MOOT.

DATED: **July 21, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge